## Wright v. Ford

*Harry K. McNamee*, for plaintiff.
*John L. Wilson*, for defendant.

SHUMAKER, P. J., March 5, 1954.—This matter is before the court on certiorari, and the record of the case from the office of Alderman George P. Mellinger is now before this court.

From this record, it appears that a summons in trespass was issued on May 22, 1944, to one Ralph Rafel, a constable, apparently from Allegheny County, at least not a constable from Butler County, and this constable served Summons upon defendant, John T. Ford, at the latter's residence on Grant Street and Crescent

Avenue, in West Etna, Allegheny County, Pa., on May 23, 1944.

A hearing was held in the case on May 29, 1944, in the office of the alderman, George P. Mellinger, in the City of Butler, at which hearing defendant did not appear, nor was he represented by counsel.

The record of the alderman discloses that this case arose out of a motor vehicle accident in which plaintiff's automobile was struck by a truck owned by defendant, the accident occurring on December 8, 1943, in Allegheny County.

The record further discloses that plaintiff testified that his car was damaged to the extent of $99.50, and after hearing testimony as to the happening of the accident, the alderman rendered judgment in favor of plaintiff, H. E. Wright, in the amount of $99.50, plus the costs of the case.

On June 15, 1944, John L. Wilson, attorney for defendant, John T. Ford, filed in the prothonotary's office of Butler County a praecipe for a writ of certiorari, together with required affidavit and recognizance, and on June 27, 1944, the attorney filed with the prothonotary assignments of error.

Strange as it may seem, this case escaped being placed on the argument list prepared in the prothonotary's office for nearly 10 years and was not presented to the court for hearing and disposition until the end of the term of the Hon. William B. Purvis, then president judge of this Court, who did not dispose of the case before leaving this office.

The matter is now before this court on a motion for reargument and heard by the court on March 2, 1954.

Counsel for defendant contends that the judgment in favor of plaintiff and against defendant in the amount of $99.50, plus the costs of the case, entered in the alderman's office on May 29, 1944, cannot stand and should be stricken for the reason that the alderman had no jurisdiction to enter the judgment.

Counsel for plaintiff, Marshall, Marshall & Mc-Namee, defend the judgment rendered by the alderman, and contend that the judgment should not be stricken due to laches on the part of defendant in not pressing his rights claimed under the action of certiorari, and further contend that the setting aside of this judgment by this court would work an undue hardship on plaintiff by barring his recovery since the statute of limitations has now run on his original claim.

Plaintiff himself is not without fault, for having obtained his judgment 10 years ago, he would naturally be concerned and interested in collecting on the judgment and should have and could have made inquiry and had the case brought to the attention of the court.

If the alderman had no jurisdiction to enter the judgment, then passage of time cannot cure this fatal defect, and we therefore consider the case as though it were recently filed, and consider now the question of the jurisdiction of the alderman.

The Vehicle Code of May 1, 1929, P. L. 905, sec. 1208, 75 PS §738, confers jurisdiction on magistrates in cases not involving more than $100 which arise out of the use and operation of the motor vehicles as follows:

"All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent; . . . No action involving more than one hundred ($100) dollars shall be brought before any magistrate, alderman or justice of the peace."

From the record it appears that the alderman had

no authority or jurisdiction under this act of assembly, supra, for the reason that the record shows on its face that the accident complained of occurred in Allegheny County and that this action is brought in Butler County. Furthermore, the act requires that a receipted bill for the repairs be produced, but the record shows "the plaintiff also testified that he was damaged to the extent of $99.50."

The Act of June 6, 1879, P. L. 194, also confers on the minor judiciary jurisdiction in actions of trespass vi et armis arising from an automobile accident where the amount involved does not exceed $300, and where defendant was personally served with process within the county, even though he was a nonresident. The only condition here is that defendant be served wherein the justice or alderman was commissioned and under this act only when it is necessary to send his process beyond the territorial limits of the county need the justice invoke the authority supplied by section 1208 of The Vehicle Code. The action here being transitory may be brought in any county where a process can be served upon defendant.

It is apparent from the record that the Act of 1879 has not been complied with, for under this act the action should have been filed in the county in which the process was served. In this case the transcript shows that defendant was served in West Etna in Allegheny County and the action was brought in Butler County.

We therefore conclude for the reasons above set forth that the alderman who entered the judgment complained of was without jurisdiction and the judgment should therefore be stricken and set aside.

### Order of Court

And now, to wit, March 5, 1954, the judgment in this case is stricken and set aside and the costs of the proceedings are placed upon plaintiff.